2012-01080
FILED
July 11, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004329788

**6**

1  MARK L. POPE  #182769
Assistant United States Trustee
2  GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
3  United States Department of Justice
Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
Fresno, California  93721
5  Telephone:  (559) 487-5002
Telecopier:  (559) 487-5030
6

7  Attorneys for Plaintiff, August B. Landis,
Acting United States Trustee
8

9              UNITED STATES BANKRUPTCY COURT

10             EASTERN DISTRICT OF CALIFORNIA

11                     FRESNO DIVISION

12  In re:                        )   Case No. 12-13596-B-7
                                  )   Chapter 7
13  **ARNULFO ROCHA and**          )
    **ALMA ROCHA,**                )
14                                 )
                                  )
15             Debtors.            )
                                  )
16  _____  )
    **AUGUST B. LANDIS,**          )
17  **Acting United States Trustee,** )   A.P. No. 12-01080-B
                                  )
18             Plaintiff,          )
                                  )
19  v.                             )
                                  )   Date: July 6, 2012
20  **ARNULFO ROCHA and**          )   Time: 9:00 a.m.
    **ALMA ROCHA,**                )   Place: U.S. Bankruptcy Court
21                                 )          1300 18th Street, Suite A
                                  )          Bakersfield, California
22             Defendants.         )   Judge: W. Richard Lee
    _____  )
23

24      **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
    UNITED STATES TRUSTEE'S COMPLAINT TO (1) TO DISMISS CHAPTER 7
    CASE WITH PREJUDICE AND (2) TO ENJOIN DEBTORS
25      FROM FILING BANKRUPTCY FOR TWO YEARS**

26

27          On July 6, 2012, the Court's Status Conference came on for hearing on the United

28  States Trustee's Complaint to (1) to Dismiss Chapter 7 Case with Prejudice and (2) to Enjoin

- 1 -

RECEIVED
July 09, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004329788

Debtors from Filing Bankruptcy for Two Years.  Mark L. Pope, Esq. appeared for the United States Trustee.  Having entered the default of the Defendants and reviewed the unopposed pleadings of the United States Trustee, the Court now issues the following findings of fact and conclusions of law.

<u>Finding of Facts</u>

1.  On October 31, 2011, Arnulfo Rocha and Alma Rocha Salvador ("the Defendants") filed a *pro se* Chapter 7 bankruptcy, case number 11-61947-B-7 ("Case No. 1"), in the Eastern District of California, Fresno Division.

2.  The schedules and statements were not filed and the Court issued a Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents were Not Timely Filed. .

3.  On November 14, 2011 the Defendants filed a motion to extend the deadline to file schedules ("Motion").   The Motion was granted on November 16, 2011.

4.  On November 29, 2011, the Defendants filed a second motion to extend the deadline to file Schedules ("Second Motion").  The Second Motion was denied on December 16, 2011.

5.  Also on December 10, the Court dismissed the case for failure to file schedules.

6.  On February 10, 2012, the Defendants filed a *pro se* Chapter 7 bankruptcy, case number 12-11131-A-7 ("Case No. 2"), in the Eastern District of California, Fresno Division.

7.  The Debtors failed to disclose the filing of CASE NO. 1 on their petition.  The schedules and statements were not filed and the Court issued a Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents were Not Timely Filed.

8.  On February 23, 2012, the Debtors filed a motion to extend the deadline to file schedules ("Motion").   The Motion was granted on February 29, 2012.

9.  On March 12, 2012, the Court dismissed the case for failure to file schedules.

10.  On April 23, 2012, the Defendants filed Current Case *pro se*, in the Eastern District of California, Fresno Division.

11.  The Defendants failed to disclose the filing of CASE NO. 1 or CASE NO. 2 on their petition.  The schedules and statements were not filed and the Court issued a Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents were Not Timely Filed ("Notice").

12. The schedules were not filed by May 7, 2012 as provided in the Notice.

13. The Current Case was dismissed on May 14, 2012 for failure to file documents.

<u>Conclusions of Law</u>

14.   This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 707(b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O).  Venue is appropriate in this court pursuant to 28 U.S.C. § 1409(a).

15.  Dismissal of the underlying bankruptcy case does not strip the court of jurisdiction. After dismissal, the court retains jurisdiction to interpret it orders entered prior to dismissal and to dispose of ancillary matters but not to grant new relief independent of its prior rulings. *Tsararoff v. Taylor (In re Taylor)*, 884 F.2d 478,481 (9th Cir. 1989). The Court has ancillary jurisdiction over post dismissal matters which were established prior to dismissal of the case. *In re Aheong*, 276 B.R. 233, 240-242 (9th Cir. BAP 2002).  It also has jurisdiction granted by 28 U.S.C. **§** 1334 over civil proceedings arising under title 11, those arising in cases under title 11, and those related to cases under title 11. Id.  at 242. The decision whether to retain jurisdiction over an adversary proceeding is left to the sound discretion of the bankruptcy court.  *In re Carraher v. Morgan Elecs., Inc., (In re Canaher)*, 971 F.2d 327,328 (9th Cir. 1992); *see also In re Morris*, 950 F.2d 1531, 1334 (1 lth Cir. 1992); *In re Smith*, 866 F.2d *576* (3rd Cir. 1989).

16.  Even if jurisdiction had not been reserved prior to dismissal, the court would have jurisdiction over adversary proceedings for dismissal with prejudice and an injunction against future filings. An adversary under proceeding is action created by and "arising under" title 11.

An adversary proceeding under section 105 for an injunction is primarily an administrative proceeding that, while not based in any right created by title 11, nevertheless has no existence outside bankruptcy, and therefore "arises in" a case under title 11. Moreover, because the outcome of the adversary proceeding to dismiss with prejudice would have an effect on the estate being administered, the adversary proceeding is "related to" the underlying case. *Aheong*, 276 B.R. at 243.

17.  The Plaintiff has standing to bring this proceeding under 11 U.S.C. §§ 307 and 707(b)(3)(A).  Under 11 U.S.C. § 307, the United States Trustee may raise and be heard on any issue in any case or proceeding under title 11 (the "Bankruptcy Code").  11 U.S.C. § 707(b)(3)(A) provides that the United States Trustee may request, after notice and a hearing, that the Court dismiss the case, if a debtor has filed a petition in bad faith.

18.  Under 11 U.S.C. § 707(b)(1), the court may dismiss a case if the court finds that a debtor has filed a petition in bad faith pursuant to 11 U.S.C. § 707(b)(3)(A).  Factors indicating bad faith include, but are not limited to: (a) whether the debtor has a history of bankruptcy petition filings and case dismissals, (b) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation, (c) whether egregious behavior is present, and (d) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the bankruptcy Code, or otherwise filed the petition in an inequitable manner.

19.  The Defendants' false statements in failing to disclose their prior cases in their Voluntary Petition, and their serial filings constitute bad faith that warrant dismissal of this case.

20.  Under Section 11 U.S.C. § 349(a), the court may dismiss a case with prejudice to the discharge of existing debts, for cause.

21.  The Defendants' bad faith conduct is cause for dismissal with prejudice.

22.  The Defendants are serial bankruptcy filers who have abused the bankruptcy system since October 31, 2011.

- 4 -

23.  The Defendants have filed three bankruptcies within a six month period.

24.  The Defendants knowingly and fraudulently made a false oaths in their second case, as well as their Current Case, when they failed to disclose their prior two cases.

25.  The Defendants' pattern of successive filings and false oaths are evidence of their willful failure to prosecute their case in good faith and to abide by the Bankruptcy Code and Rules.

26.  In their Current Case, the Defendants failed to file schedules listing priority or general unsecured creditors, and have not filed their Verification and Master Address List, suggesting that the Defendants do not seek a chapter 7 discharge.

27.  The Defendants' sole purpose in filing successive cases appears to be to invoke the automatic stay to hinder and delay creditors.

28.  The Defendants' behavior constitutes an abuse of the bankruptcy system, and without an order barring refiling, the Defendants' creditors are at risk of further serial filings and abuse.

29.  The Defendants' failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose a 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).

30.   However, a 180-day bar is insufficient to protect the Defendants' creditors from the Defendants who have filed three bankruptcy cases since October, 2011.

32.   The Plaintiff has no adequate remedy at law.  The Defendants' actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable harm.  The Defendants will continue to abuse the bankruptcy process unless this Court issues an injunction barring the Defendants from filing another bankruptcy.  A reasonable period for the injunction is two years from the May 14, 2012 dismissal of this case.

//

//

//

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

For the foregoing reasons, the Court concludes the following relief should be granted:

The dismissal of main case herein on May14, 2012 shall be with prejudice to the discharge of debts of the Defendants existing when this case was filed and the Defendants shall be barred from filing another bankruptcy petition within two years from the date of the dismissal, without leave of court.

A separate order shall be entered.

Dated:

Dated: Jul 11, 2012

_____

W. Richard Lee
United States Bankruptcy Judge

Efiled by Mark L. Pope
Direct Phone: (559)487-5002 Ext. 240
Email: Mark.Pope@usdoj.gov